FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>JAROSLAW NICZYPORUK | No. 2:24-CR-00356-SAB<br><br>**ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL COMPLAINT; DISMISSING APPEAL** |

On October 16, 2024, Appellant Niczytporuk filed an appeal of the bankruptcy court's September 30, 2024 Order granting U.S. Bank Trust Association, as Trustee of L-Igloo Series IV Trust's Motion for In-Rem Relief from Automatic Stay. ECF No. 1. Also before the Court are Appellant's Motion to Notify Court of Appellee's Failure to File Response Brief and Request to Proceed on Appellant's Brief Alone, ECF No. 10, and Appellant's Motion for Entry of Default Against Appellee Mike Todd. ECF No. 14. The motions were heard without oral argument.

First, Appellant asks the Court to decide an appeal based solely on his brief and the record because of Appellee's failure to respond. Appellee did respond on February 19, 2025, ECF No. 9, and Appellant was able to file a Reply Brief, ECF No. 11. It is clear Appellant suffered no prejudice, and as such, the Court denies

ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL
COMPLAINT; DISMISSING APPEAL ~ 1

Appellee's motion. *See Patapoff v. Vollstedt's Inc.*, 267 F.2d 863, 865 (9th Cir. 1959) (instructing that whenever it is reasonably possible, cases should be decided on their merits).

Second, the Court declines to enter default against Mike Todd, who is the Standing Chapter 13 Trustee in the Eastern District of Washington. Mr. Todd is not a party in this matter, as evidenced by the caption of Appellant's Appeal. Appellant is appealing the decision of the bankruptcy court that granted U.S. Bank Trust's Motion for relief from the stay. Moreover, the requested relief does not implicate Mr. Todd in any way. As such, the Court declines to enter default against Mr. Todd.

Additionally, on April 1, 2025, Appellant filed a Federal Criminal Complaint on behalf of the United States against U.S. Bank. ECF No. 13. A private citizen cannot commence a criminal action in this Court, nor compel an investigation or prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The United States Attorneys generally have the responsibility to prosecute offenses against the United States in their districts. *See* 28 U.S.C. § 547. Appellant cannot commence a criminal prosecution against any defendant as a matter of law, and his attempt to do so is frivolous and without merit. As such, the Court will strike the Federal Criminal Complaint.

## Background Facts

The following facts are taken from the bankruptcy court's order.

On or about February 25, 2008, Agnes Niczyporuk and Jaroslaw Niczyporuk executed a Note in favor of Countrywide Bank, FSB, with an original principal balance of $417,000 for the purchase of a home located at 1315 N. Dunbarton Oaks Lane, Liberty Lake, WA ("Property"). On or about March 5, 2008, they executed a Deed of Trust in favor of Countrywide Bank, FFB, with MERS acting solely as nominee for Countrywide Bank, FFS, encumbering the property and securing the Note. All beneficial interests in the Deed of Trust were assigned to

**ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL COMPLAINT; DISMISSING APPEAL ~ 2**

U.S. Bank. The assignment was recorded on September 23, 2022, in Spokane, Washington. The total outstanding amount due on the Property loan was approximately $780,630.24.

According to the records of Spokane County, the owner of the Property is Christian Filip Trust, with an address of 2600 E. Seltice Way Ste A, PMB 1007, Post Falls, Idaho 83854. The taxpayer's name associated with the Property is Christina Filip Trust, with an address of 2600 E. Seltice Way Ste A, PMB 2007, Post Falls, Idaho 83854. It does not appear any payments were made on the loan since at least 2019.

Agnes Niczyporuk, Appellant's wife, filed a bankruptcy case on March 22, 2023. In her appeal, she repeatedly, and unsuccessfully, argued that U.S. Bank lacked authority to enforce the Note on the Property. On September 14, 2023, the bankruptcy court entered an order granting U.S. Bank relief from the automatic stay entered in Agnes Niczyporuk's bankruptcy proceeding.

Appellant then filed his voluntary petition under Chapter 13 on July 3, 2024, which stayed U.S. Bank's foreclosure sale on the Property. Appellant's proposed Chapter 13 plan was essentially blank, providing for no payments to U.S. Bank (or any other creditors, secured or unsecured). On July 18, 2024, Appellant filed Schedules A-J and claimed an exemption pursuant to Wash. Rev. Code § 6.13.080 for the Property.

On August 22, 2024, U.S. Bank filed a Motion for In Rem Relief from Stay. In granting the motion, the bankruptcy court found U.S. Bank established with credible evidence that it was the current holder of the Note and as such could foreclose on the Deed of Trust. It also found the proposed Plan that was submitted by Appellant was not confirmable, and as demonstrated by the unconfirmable plan, the multiple petitions filed by two separate but married debtors, and the 19 months of litigation, Appellant's bankruptcy petition was not brought in good faith, but was a scheme to pre-empt U.S. Bank's lawful foreclosure sale of the Property. As

ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL
COMPLAINT; DISMISSING APPEAL ~ 3

such, Appellant's bankruptcy petition represented a scheme to delay, hinder, and defraud creditors. It noted that multiple courts consistently ruled against Appellant's argument that U.S. Bank lacked the lawful authority to foreclose on the property.

The bankruptcy court concluded that cause to grant relief from the stay existed because Appellant failed to make consistent and timely post-petition payments to his secured creditors. It also found that Wash. Rev. Code § 62A.3-309 does not require presentation of the original promissory note to prove possession.

## Standard of Review

A district court has jurisdiction to hear an appeal from a bankruptcy court. 28 U.S.C. § 158. "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When examining an appeal, a district court uses the same standard of review that a circuit would use when reviewing a district court's decision. See *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). A bankruptcy court's order granting relief form the stay for cause is reviewed for abuse of discretion. *In re Kissinger*, 72 F.3d 107, 108 (9th Cir. 1995).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## Analysis

Appellant is appealing the bankruptcy court's September 30, 2024 that granted U.S. Bank Trust Association, as Trustee of L-Igloo Series IV Trust's Motion for In-Rem Relief from Automatic Stay. As an initial matter, it appears the appeal is untimely. The bankruptcy order was entered on September 30, 2024, and the notice of appeal was filed on October 15, 2024, ECF No. 5-1. The notice was

**ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL COMPLAINT; DISMISSING APPEAL ~ 4**

not filed within 14 days.

Moreover, Appellant's Appeal is without merit and appears to be brought with the intent to hinder, delay, and defraud creditors. Appellant's Chapter 13 case was dismissed on November 8, 2024. Dismissal of the case eliminated the automatic stay, and as such, there is no longer a case or controversy for the Court to adjudicate. Moreover, U.S. Bank reports that the subject property was sold at foreclosure on December 20, 2024. The issue of the stay relief was rendered moot by completion of the foreclosure sale.

Finally, in lifting the stay, the bankruptcy court properly rejected Appellant's argument that U.S. Bank Trust did not have standing for a motion for relief from the automatic stay.[1]

Accordingly, **IT IS HEREBY ORDERED**:

1. Appellant's Motion to Notify Court of Appellee's Failure to File Response Brief and Request to Proceed on Appellant's Brief Alone, ECF No. 10, is **DENIED**.

2. Appellant's Motion for Entry of Default Against Appellee Mike Todd. ECF No. 14, is **DENIED**.

3. The Federal Criminal Complaint, ECF No. 13, is **STRICKEN**.

4. Appellant's Appeal is **DISMISSED**.

//
//
//
//
//

---

[1] Appellant's challenge to Judge Corbit's impartiality and refusal to confirm his oath, as well as the remaining arguments presented in the appeal are frivolous and without merit.

**ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL COMPLAINT; DISMISSING APPEAL ~ 5**

5. The Clerk of Court is directed to enter judgment against Appellant and in favor of Appellees.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel, and **close** the file.

**DATED** this 3rd day of June 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS; STRIKING FEDERAL CRIMINAL COMPLAINT; DISMISSING APPEAL ~ 6**